# UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF TEXAS
Fort Worth Division

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| v. | Case Number: 4:16-CR-00122-O(15) |
| | U.S. Marshal's No.: 54206-177 |
| CHRISTOPHER LEE | Shawn Smith, Assistant U.S. Attorney |
| | Deborah Kernan, Attorney for the Defendant |

On June 23, 2016 the defendant, CHRISTOPHER LEE, entered a plea of guilty as to Count One of the Superseding Information filed on June 15, 2016.  Accordingly, the defendant is adjudged guilty of such Count, which involves the following offense:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 U.S.C § 846 | Conspiracy to Possess with Intent to Distribute a Controlled Substance | April 2016 | One |

The defendant is sentenced as provided in pages 2 through 4 of this judgment. The sentence is imposed pursuant to Title 18, United States Code § 3553(a), taking the guidelines issued by the United States Sentencing Commission pursuant to Title 28, United States Code § 994(a)(1), as advisory only.

The defendant shall pay immediately a special assessment of $100.00 as to Count One of the Superseding Information filed on June 15, 2016.

The defendant shall notify the United States Attorney for this district within thirty days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Sentence imposed October 11, 2016.

REED O'CONNOR
U.S. DISTRICT JUDGE

Signed October 13, 2016.

Defendant:  CHRISTOPHER LEE
Case Number:  4:16-CR-00122-O(15)

## IMPRISONMENT

The defendant, CHRISTOPHER LEE, is hereby committed to the custody of the Federal Bureau of Prisons (BOP) to be imprisoned for a term of **Two Hundred Forty (240) months** as to Count One of the Superseding Information filed on June 15, 2016.  This sentence shall run concurrent with any sentence imposed in Case Nos. 1449269 and 1449270 in the Criminal District Court No. 3 of Tarrant County and to any probation revocation sentence imposed in Case No. 1343305D in the Criminal District Court No. 3 of Tarrant County.

The Court recommends to the BOP that the defendant be incarcerated at a facility near Memphis, Tennessee or Fort City, Arkansas. The Court further recommends that the defendant be allowed to participate in the Residential Drug Treatment and Mental Health Programs, if eligible.  The Court requests that the BOP consider the defendant's desire to donate a kidney to his mother.

The defendant is remanded to the custody of the United States Marshal.

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of **Three (3) years** as to Count One of the Superseding Information filed on June 15, 2016.

While on supervised release, in compliance with the standard conditions of supervision adopted by the United States Sentencing Commission, the defendant shall:

( 1)   not leave the judicial district without the permission of the Court or probation officer;

( 2)   report to the probation officer as directed by the Court or probation officer and submit a truthful and complete written report within the first five (5) days of each month;

( 3)   answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

( 4)   support the defendant's dependents and meet other family responsibilities;

( 5)   work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

( 6)   notify the probation officer within seventy-two (72) hours of any change in residence or employment;

( 7)   refrain from excessive use of alcohol and not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;

( 8)   not frequent places where controlled substances are illegally sold, used, distributed, or administered;

( 9)   not associate with any persons engaged in criminal activity and not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

(10)   permit a probation officer to visit the defendant at any time at home or elsewhere and permit confiscation of any contraband observed in plain view by the probation officer;

(11)   notify the probation officer within seventy-two (72) hours of being arrested or questioned by a law enforcement officer;

Judgment in a Criminal Case                                                          Page **3** of **4**
Defendant:  CHRISTOPHER LEE
Case Number:  4:16-CR-00122-O(15)

(12)    not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court; and,

(13)    notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement, as directed by the probation officer.

In addition the defendant shall:

not commit another federal, state, or local crime;

not possess illegal controlled substances;

not possess a firearm, destructive device, or other dangerous weapon;

cooperate in the collection of DNA as directed by the U.S. probation officer;

report in person to the U.S. Probation Office in the district to which the defendant is released from the custody of the Federal Bureau of Prisons within 72 hours of release;

refrain from any unlawful use of a controlled substance, submitting to one drug test within 15 days of placement on probation or release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer pursuant to the mandatory drug testing provision of the 1994 crime bill;

participate in mental health treatment services as directed by the probation officer until successfully discharged, which services may include prescribed medications by a licensed physician, with the defendant contributing to the costs of services rendered (copayment) at a rate of at least $20 per month; and,

participate in a program approved by the probation officer for treatment of narcotic or drug or alcohol dependency that will include testing for the detection of substance use, abstaining from the use of alcohol and all other intoxicants during and after completion of treatment, contributing to the costs of services rendered (copayment) at the rate of at least $20 per month.

## FINE/RESTITUTION

The Court does not order a fine or costs of incarceration because the defendant does not have the financial resources or future earning capacity to pay a fine or costs of incarceration.

Restitution is not ordered because there is no victim other than society at large.

Judgment in a Criminal Case                                                                    Page **4** of **4**
Defendant:  CHRISTOPHER LEE
Case Number:  4:16-CR-00122-O(15)

## RETURN

      I have executed this judgment as follows:

_____

_____

_____

      Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.


          _____
          United States Marshal

          BY _____
          Deputy Marshal